## 56806. SIMMERSON v. BLANKS.

SMITH, Judge.

Appellant contends questions of fact remained as to appellee's liability for breach of a duty owed the appellant, the duty allegedly based upon, alternatively, (1) appellee's contractual status as appellant's attorney or (2) appellee's status as appellant's voluntary agent. We agree that appellee did not conclusively disprove appellant's claim for damages based on voluntary, or gratuitous, agency, and accordingly we reverse the trial court's grant of appellee's motion for summary judgment. *Sheppard v. Post,* 142 Ga. App. 646 (4) (236 SE2d 680) (1977).

Appellant contracted to sell certain real and personal property to Spillman. Appellant and appellee, who was Spillman's attorney, first met on the day of closing; this action is based, in part, upon the following conversation between the two, which occurred moments after the closing was completed: Appellee Blanks—"I'll take care of the filing of the papers." Appellant Simmerson—"Fine."

The real estate contract entered into between appellant and Spillman provided that the latter "shall pay . . . *purchaser's* legal fees [emphasis supplied]," which amounted to $2,000. Spillman paid the $2,000 to appellee as consideration for the services appellee had performed for him under their written employment contract. Less than a month subsequent to closing, appellee wrote a letter to appellant informing him, "Financing statement executed by Emil V. Spillman in your favor [has been] recorded in Houston County . . ." The financing statement

covered the personal property involved in the sale, which personalty was located in Houston County. In his answer to the complaint appellee "admit[ted] that he did file said financing statement purely as a gratuitous favor to Plaintiff, in the Office of the Clerk of the Superior Court of Houston County." Appellant sued for damages caused by the allegedly erroneous failure to file in Cobb County, supposedly the county of debtor Spillman's residence. See Ga. L. 1962, pp. 156, 413 (Code Ann. § 109A-9—401(1)(b)).

1. As to appellant's claim that his post-closing conversation with appellee constituted the formation of an express attorney-client contract, which appellee breached, we find no error in the trial court's grant of summary judgment. From the evidence before the court it appeared conclusively that the alleged contract lacked consideration, the only bargained-for consideration having flowed from Spillman to appellee for the latter's services to the former. See 2 EGL 337, Attorney and Client, § 36. "To tax a lawyer's courtesy or liberality for advice or services is not to employ him. Generally, the test of employment is the fee." *Brown v. Matthews,* 79 Ga. 1, 8-9 (1889).

2. As to appellant's claim that appellee was a "voluntary agent, without hire or reward" and his misfiling constituted actionable "gross neglect" (Code § 4-203), we believe the trial court erred in sustaining appellee's motion for summary judgment. On the issue of asserted voluntary-agent status on part of appellee, appellee cannot prevail since the evidence did not conclusively disprove that he gratuitously undertook to perform a legal service on appellant's behalf and with his approval. "One who, by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means is subject to a duty to use care to perform such service or, while other means are available, to give notice that he will not perform." Restatement 2d Agency, § 378 (1958). See also *Bell v. Fitz,* 84 Ga. App. 220 (66 SE2d 108) (1951) and *Armstrong, Cator & Co. v. Pease,* 66 Ga.

70 (1880).

Furthermore, as to the question of whether the action of appellee was in compliance with the applicable standard of care, the following principle applies: " 'Ordinarily questions of negligence, gross negligence, contributory negligence, and whose negligence was the proximate cause of an injury and related questions are for the jury alone, and the courts will decline to solve such questions . . . except in plain, palpable and indisputable cases.' " *Parker v. Johnson,* 97 Ga. App. 261 (1) (102 SE2d 917) (1958). Accordingly here, it was for the jury to decide whether appellee's actions were grossly neglectful. Contrary to appellee's contention, appellant's supposed contributory negligence, his failure to remedy the alleged misfiling after receiving notice of it, cannot be a defense to liability. Appellant's "diligence, or the want of it, does not in any way affect the liability of his attorney, unless stipulated for by special contract." *Cox v. Sullivan,* 7 Ga. 144, 148 (5) (1849).

There is no merit in appellee's proposition that, by bestowing "upon appellee the appellation of 'voluntary agent,' " appellant "strip[ped]" appellee "of his status as an attorney . . . [and] concurrently strip[ped] him of the concomitant duties imposed upon him as a lawyer, such as the duty to know the law." As we have indicated, a gratuitous agent owes his principal the duty to exercise slight diligence, and a proper appraisal of the agent's conduct encompasses the knowledge which he professes to possess. *Shirley Cloak & Dress Co. v. Arnold,* 92 Ga. App. 885 (3) (90 SE2d 622) (1955); *Cox v. Sullivan,* supra, at (3); Indian Towing Co. v. United States, 350 U. S. 61 (76 SC 122, 100 LE 48) (1955); Seavy, Reliance upon Gratuitous Promises or Other Conduct, 64 Harvard L. Rev. 913 (1951). "An attorney must be held to undertake to use a reasonable degree of care and skill, and to possess to a reasonable extent the knowledge requisite to a proper performance of the duties of his profession. If injury results to the client as a proximate consequence of the want of such knowledge or skill, or from the failure to exercise such care, he must respond in damages to the extent of the injury sustained by his client. This liability exists even though the attorney acts gratuitously." 6 CJ

696, Attorney and Client, § 225. Another precedent is Lawall v. Groman, 180 Pa. 532 (37 A 98) (1897), which involved a suit against an attorney for negligent examination of title. In assessing the attorney's liability "independent[ly] of the relation of attorney and client," the court said: "The principle settled in Coggs v. Bernard, 1 Smith's Lead. Cases, that one who undertakes to do, even without reward, is responsible for misfeasance, though not for nonfeasance, has been generally adopted. If therefore defendant, knowing that plaintiff was relying on him in his professional capacity to see that her mortgage was the first lien, although Roberts was to pay the fees, undertook to perform that duty, he was bound to do it with ordinary and reasonable skill and care in his profession, and would be liable for negligence in that respect." Lawall, supra, p. 540. See also Glanzer v. Shepard, 233 N.Y. 236 (135 NE 275) (1922).

*Judgment reversed. Deen, C. J., and Banke, J., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 28, 1979 — ▮▮▮▮▮▮▮

*Don E. Snow, Edgar A. Fry, Paschal English,* for appellant.
*Adams, Barfield & Dunaway, Ronald Barfield,* for appellee.