68267. VAN DEN BERG v. NORTHSIDE REALTY
ASSOCIATES, INC. et al.
(323 SE2d 839)

BENHAM, Judge.

Northside Realty Associates, Inc. (hereinafter "Northside") brought suit against appellant to recover a commission on a sale of real estate owned by appellant. Appellant answered and counter-claimed against appellee, and joined as defendants in counterclaim the real estate agent who procured the listing contract on behalf of Northside and the real estate agent who procured a buyer and was listed as the "selling agent." This appeal is from the denial of appellant's motion for summary judgment, the grant of summary judgment to the two individual defendants in counterclaim, and the grant of partial summary judgment to Northside on appellant's counterclaim and on Northside's claim for the commission from the sale.

1. Appellant's enumerations are couched in terms of findings purportedly made by the trial court. None of the findings enumerated as error was actually made, but it is clear that appellant was enumerating as error the grant of summary judgment and was specifying the grounds on which she believed summary judgment for Northside and the defendants in counterclaim was based. Accordingly, we will address the issues we perceive appellant to have intended to raise. *MacDonald v. MacDonald*, 156 Ga. App. 565 (1) (275 SE2d 142) (1980).

2. Appellant contended below that she was induced to enter into the listing contract and the sales contract by fraud. She argues that the submission to her of contracts containing provisions for a commission to be paid by her was fraudulent because she had expressed her refusal to pay any commission at all. Without regard to any conflict in the evidence on this point, we are persuaded that appellant's position is untenable.

"The rule in this state is that where one who can read signs a contract without reading it, he is bound by the terms thereof, unless he can show that an emergency existed at the time of signing that would excuse his failure to read it, or that the opposite party misled him by an artifice or device which prevented him from reading it, or

that a fiduciary or confidential relationship existed between the parties upon which he relied in not reading the contract. [Cit.]" *Cochran v. Murrah*, 235 Ga. 304, 305 (219 SE2d 421) (1975). Appellant argues that the present case comes within the last exception because of the fiduciary relationship between principal and agent. However, the existence of such a relationship is not sufficient by itself. As the Supreme Court noted in *Cochran*, supra, it is the *reliance* upon that relationship which relieves one of the duty to read. The evidence here does not show such a reliance: appellant testified that she read part of the listing contract and that she showed the sales contract to her brother and had him review it before she signed that document. Under those circumstances, appellant is not entitled to rely upon the relationship between herself and the individual appellees to relieve her of the duty of informing herself of the contents of the documents she signed. Accordingly, her fraud claims were properly rejected by the trial court.

3. Appellant's contention that the defendants in counterclaim were the undisclosed agents of the purchaser, thereby violating their fiduciary duty to her, is equally untenable. Appellant's allegations in that regard were pierced by the deposition testimony of the two real estate agents that they acted solely as appellant's agents throughout the transactions here involved. In answer to that sworn testimony, appellant shows only that one agent knew the purchaser of appellant's house socially and as the employer of her sons; that that agent, who had sold the house next to appellant's to the same buyer, was told by the buyer that he wished to acquire more property on appellant's street; that that agent told the other agent that she had a buyer interested in property on that street; that other houses on that street which were listed by one of the agents at a higher price than that at which appellant's house was listed had been rejected by the purchaser of appellant's house because the prices were too high; and that the same agents had subsequently participated in other sales on that street to the same buyer, some at higher prices than that received by appellee. We do not find those facts inconsistent with the insistence by the real estate agents that they acted as appellant's agents. There is no direct evidence that the defendants in counterclaim were agents of the buyer, and in the face of their sworn averments that they acted only as appellant's agents, the inferences appellant attempts to draw from the evidence are not sufficient to create a question of fact on the issue of dual agency. See *Shivers v. Barton & Ludwig*, 164 Ga. App. 490, 491 (296 SE2d 749) (1982).

4. Finally, appellant argues that questions of fact regarding alleged breaches of fiduciary duty by appellees preclude the entry of summary judgment. We disagree.

Other than the contentions regarding dual agency, the breach of fiduciary duty claim is based on allegations that appellees priced ap-

pellant's house too low, being more concerned with selling it quickly than with getting appellant the best price. Unfortunately for appellant, she has no more than allegations to bolster her position. The agent who set the price, with appellant's agreement, testified that he did so in the belief that it was the correct price for that property. He and appellant have both testified that he had suggested a lower price, but rewrote the listing contract when appellant insisted that she wanted more money. Appellant has not been able to counter the agent's testimony with any facts showing the house was underpriced. Compare *Howell v. Greene Real Estate Co.*, 162 Ga. App. 766 (292 SE2d 520) (1982).

In summary, it appears that appellant has been unable to respond with substantive evidence to counter the showing made by appellees on all the issues on which summary judgment was granted. We find no error in the grant of summary judgment for any of the reasons raised in this appeal.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1984 —
REHEARING DENIED NOVEMBER 15, 1984 ▮▮▮▮▮▮▮▮▮

*Joseph A. Carragher, Jr.*, for appellant.
*Frederick G. Boynton*, for appellees.