76564. CARMICHAEL et al. v. BARHAM, BENNETT, MILLER & STONE.
(370 SE2d 639)

DEEN, Presiding Judge.

George W. Carmichael and Marjorie D. Carmichael are the sole stockholders of Carmichael Lanes, Inc. In 1979, the Carmichaels applied for a loan from Valdosta Federal Savings & Loan Association

("Valdosta Savings") to purchase a building leased by Carmichael Lanes. After making the loan application, George Carmichael contacted several members of the Board of Directors of Valdosta Savings and advised them that he was applying for a loan. After the loan was approved and he was informed by Valdosta Savings that it was necessary for an attorney to handle the closing, George Carmichael stated that he wanted Ed Barham of appellee law firm to handle it and later conferred with Barham about his fee. Carmichael was aware that Barham was a member of the Board of Directors of Valdosta Savings. Some time prior to closing the loan, the Carmichaels were advised that Valdosta Savings required certain items of personal property owned by Carmichael Lanes as additional collateral, and this property was transferred from the corporation to the Carmichaels. All decisions as to the amount of the loan and loan conditions were made by Valdosta Savings and all such information was provided to appellants prior to closing.

At closing, appellants were presented with a document which outlines the services provided by the law firm and it states in part: "This firm does not represent you as your attorney and you are entitled to retain counsel of your choice if you desire to do so." The document was signed by appellants and a member of the law firm.

On June 30, 1983, appellants filed suit against the law firm alleging that it had been guilty of negligence and that they were damaged as a result of appellee's negligence in that they incurred increased income taxes and penalties as a result of the transfer of personal property from Carmichael Lanes to the plaintiffs individually. They contended that the law firm was guilty of negligence when it failed to inform them of the adverse income tax consequences of the transfer. After discovery, the appellee filed a motion for summary judgment with an affidavit from the president of Valdosta Savings attached. The Carmichaels appeal from the grant of summary judgment in favor of the law firm. *Held*:

At trial, the plaintiff has the burden of proving the elements of a legal malpractice action. They are: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, (3) that the attorney's negligence was the proximate cause of the damage to the plaintiff. *Guillebeau v. Jenkins*, 182 Ga. App. 225 (1) (355 SE2d 453) (1987). *Guillebeau* also holds that the mere fact that a party pays attorney fees does not lead to the conclusion that an attorney-client relationship exists.

Here, as in *Guillebeau*, the plaintiff paid attorney fees, but we do not find that an attorney-client relationship existed. The Carmichaels and a member of the law firm executed a document at closing which states that the firm did not represent them and that they were free to obtain counsel of their choice if they so desired. The affidavit of the

president of Valdosta Savings, who was present at closing, establishes that the document was explained to the Carmichaels before they signed it and that each of them signed it freely and voluntarily.

Accordingly, we find that there is no issue of fact requiring jury resolution and that the court below properly granted summary judgment in favor of the law firm.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MAY 26, 1988 —
REHEARING DENIED JUNE 10, 1988 —

*Taylor W. Jones, Hugh C. Wood, Kathleen V. Duffield*, for appellants.