A91A1973. DRIEBE et al. v. COX.
(416 SE2d 314)

POPE, Judge.

This appeal involves a claim by a seller of real estate against the buyer's closing attorney and his law firm for the closing attorney's alleged negligence in drafting the warranty deed from seller to buyer. Appellee Richard J. Cox entered into a contract to sell Rotomco, Inc., certain real estate located in Newton County. Rotomco employed appellant Charles J. Driebe and his firm Driebe & Driebe, P.C. to close the sale. Relying on a survey prepared by East Metro Surveyors, Inc., who are also third-party defendants below, Driebe prepared a warranty deed wherein Cox purported to transfer 130.1 acres to Rotomco. Cox in fact did not own approximately 4.5 acres of that tract. Cox

attended the closing with his attorney.

Approximately a year later, an attorney, representing the owners of the 4.5 acre tract that was erroneously transferred, contacted the parties to this transaction pointing out the mistake. Rotomco made a demand on Cox to refund the apportioned part of the purchase price, which was determined to be $25,076.88. Cox refused. Driebe then paid the lender the apportioned purchase price and obtained the necessary quitclaim deeds from Rotomco and Rotomco's lender for the true owners.

Rotomco thereafter sued Cox for breach of his warranty of title and for his failure to pay the requested apportioned value of the 4.5 acre tract. Cox responded denying liability and filed a third-party action against Driebe, his law firm (hereinafter collectively "the Driebe defendants") and the surveyors. This case was tried before a jury and bifurcated as to the two claims: (1) the "main" claim in which Rotomco sought damages against Cox for breach of warranty; and (2) the "third-party" claim in which Cox sought indemnity against the Driebe defendants and the surveyors. The jury returned a verdict in favor of Rotomco against Cox on the main claim in the amount of $17,510.32. On the third-party claim, the jury returned a verdict in favor of Cox, finding that he was entitled to indemnity from the Driebe defendants in the amount of $15,759.38 and from the surveyors in the amount of $875.52. The Driebe defendants filed this appeal from that judgment.

1. This case presents the novel issue to this court of whether the attorney for the buyer in a real estate transaction can be held liable to the seller for negligence in legal work in connection with the sale. Before an action for malpractice or negligence can lie against an attorney, there must be a legal duty from the attorney to the plaintiff. Like many states, the trend in Georgia has been to relax the rule of strict contractual privity in malpractice actions, recognizing that under certain circumstances, professionals owe a duty of reasonable care to parties who are not their clients.

In deciding whether Driebe owed a duty to Cox, we are guided by other decisions of this court in which we were asked to consider whether an attorney had a duty to a third party in a real estate transaction. In *Simmerson v. Blanks*, 149 Ga. App. 478 (254 SE2d 716) (1979), the seller in a real estate transaction was allowed to pursue a negligence claim against the buyer's attorney, when following the closing, the buyer's attorney offered to "take care of the filing of the papers." The attorney's offer encompassed the filing of a financing statement to give the seller a first lien on the property. The attorney filed the "papers" in the wrong county. This court held that "a gratuitous agent owes his principal the duty to exercise slight diligence, and a proper appraisal of the agent's conduct encompasses the knowledge

which he professes to possess. [Cits.]" Id. at 480. Therefore, we concluded that by gratuitously offering to act for the buyer, the attorney subjected himself to liability for his misfeasance. Id. at (2).

In *Kirby v. Chester*, 174 Ga. App. 881 (2) (331 SE2d 915) (1985), this court held that a third-party beneficiary to a contract between an attorney and his client can maintain a malpractice action against the attorney. In that case, the attorney knew his client's lender was relying upon his title search and title certification for assurance that the lender would have sufficient collateral for its real estate loan to his client.

In *Tower Fin. Svcs. v. Mapp*, 198 Ga. App. 563 (402 SE2d 286) (1991), the surviving wife of a decedent misrepresented that she held title in fee simple to certain property inherited from her deceased husband. Based on her representation, Tower Financial Services (the "lender") made a loan to her secured by this property and filed its security deed. In fact, the decedent was also survived by three children from a former marriage who acquired an interest in the property securing the loan upon the death of their father, since he died intestate. The children brought an action against the lender, alleging that it had negligently or wrongfully interfered with their interests in the realty. The evidence at trial showed that the lender employed an attorney to conduct a title search but his search failed to disclose the children's interest in the property. This court noted that while the attorney would have a duty to his client, the lender, to act in a manner to protect its interest as a secured party, it had no duty to the children. Id. at (1).

We find the case sub judice to be distinguishable from our decisions in *Simmerson* and *Kirby* in which we held the attorney had a legal duty to third parties in a real estate transaction. In this case, the evidence shows Cox knew that Driebe was hired by Rotomco to close the transaction and that Driebe was not representing Cox's interests at the closing. In fact, Cox brought his own attorney to the closing. Cox, however, chose to limit the role of his attorney "[t]o read[ing] over the legal documents and mak[ing] sure that whatever was written down was presented properly and the figures, the calculations as far as the closing, taxes and those things protected [his] interest. . . ." Driebe made no gratuitous promise to Cox as did the attorney in *Simmerson*, nor can Cox be considered a third-party beneficiary to the contract between Rotomco and Driebe, as was the lender in our *Kirby* decision.

Essentially Cox argues that because his interest in the property was known to Driebe, he was in a class of foreseeable persons to whom Driebe owed a duty to act in a reasonable manner. In support of this argument, Cox relies heavily upon the Georgia Supreme Court's decision in *Bradley Center v. Wessner*, 250 Ga. 199 (296

SE2d 693) (1982). In *Bradley Center*, a patient at the Bradley Center (the "hospital") revealed to the staff of the hospital that he would like to cause bodily harm to his wife. Despite these revelations, the patient was given an unrestricted weekend pass. While exercising this pass, he killed both his wife and her lover. The children of the couple brought a wrongful death action against the hospital alleging their father's criminal act was foreseeable by the hospital and that their mother's death was proximately caused by the hospital's negligence. In recognizing a cause of action against the hospital, the court held that the duty arose "out of the general duty one owes to all the world not to subject them to an unreasonable risk of harm." Id. at 201. Because the evidence showed that the hospital had reason to anticipate the criminal act, the court held that the requisite duty and breach were shown to subject the hospital to liability.

Cox's reliance on the Georgia Supreme Court's decision in *Bradley Center* is misplaced given the factual distinctions between the cases. Unlike the victim in *Bradley Center*, Cox should have had at least equal, if not superior, knowledge of how much property he owned and could convey to Rotomco. Driebe could not subject Cox to "an unreasonable risk of harm" by stating that Cox owned more property than he did, when Cox should have been aware of what he owned. Cf. *Badische Corp. v. Caylor*, 257 Ga. 131 (356 SE2d 198) (1987) (holding a professional owes a duty of care to the limited class of persons that the professional is aware will rely upon the information he prepared). Driebe simply had no reason to believe that Cox would be relying on him to tell Cox what property he owned, therefore, there was no foreseeability of harm.

The trial court erred in concluding that Cox had a cause of action against Driebe under the facts of this case. Cox had no reason to rely on Driebe or to believe that Driebe would be representing his interests at the closing. By not carefully checking the closing documents and by limiting the role of his attorney at the closing, Cox chose to act to his detriment and has no recourse against Driebe. We note that many of our sister states have refused to recognize a cause of action in similar situations. See, e.g., *Fox v. Pollack*, 226 Cal. Rept. 532 (Cal. App. 1 Dist. 1986); see generally Annotation, *What Constitutes Negligence Sufficient to Render Attorney Liable to Person Other than Immediate Client*, 61 ALR4th 464 (1988).

2. Our holding in Division 1 makes it unnecessary to consider the Driebe defendants' remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

Decided January 31, 1992 —
Reconsideration denied February 20, 1992 —

*Driebe & Driebe, Charles J. Driebe, Jr.,* for appellants.
*Strauss & Walker, John T. Strauss, Haber & Horne, Joel M. Haber, W. Dan Greer,* for appellee.