A91A1910. ROGERS et al. v. HURT, RICHARDSON, GARNER, TODD & CADENHEAD et al.
(417 SE2d 29)

POPE, Judge.
An analysis of this case requires an understanding of certain fine distinctions between two different lawsuits, the causes of action involved and the different parties involved. Plaintiffs Bob Rogers and Arthur Guilfoil were the sole shareholders of Knotts Landing, Inc. Knotts Landing was incorporated to develop a certain tract of land in Cherokee County. Defendant law firm, Hurt, Richardson, Garner, Todd & Cadenhead ("Hurt, Richardson"), represented Knotts Landing in certain legal matters, including the defense of a lawsuit for damages brought against the corporation by plaintiffs known collectively as the Goulds (the "Gould case"). Defendant E. Lewis Hansen, a partner at Hurt, Richardson, was lead counsel for Knotts Landing in the Gould case. The trial of the case resulted in a judgment against Knotts Landing in the amount of $2.75 million.

Hurt, Richardson filed suit against Knotts Landing in Cherokee County to collect unpaid legal fees incurred in the Gould case (the "Cherokee case"). In response, Knotts Landing filed a lengthy and detailed counterclaim, alleging it was damaged by the malpractice of Hurt, Richardson and Hansen in the negligent manner in which Hansen handled the Gould case. In the case giving rise to this appeal,

Rogers and Guilfoil also filed suit against Hurt, Richardson and Hansen in Fulton County (the "Fulton case"), setting forth almost verbatim many of the same factual allegations contained in the Cherokee case counterclaim by Knotts Landing, including a detailed statement of the alleged negligent acts and omissions of Hansen in the Gould case.

In the amended complaint in the Fulton County case, plaintiffs Rogers and Guilfoil allege they, as individuals, were damaged by certain acts and omissions of defendants. In particular, plaintiffs allege they were injured by two transactions which are separate and distinct from the alleged negligent handling of the Gould case. First, they allege that before suit was filed against Knotts Landing in the Gould case, the plaintiffs made a contribution of capital in the corporation, in exchange for which they were to receive title in their individual capacities to 28 acres of the Knotts Landing tract. They allege Hurt, Richardson had a duty to obtain a release from the mortgagee for the 28 acres and to record deeds showing the land was conveyed to plaintiffs but that Hurt, Richardson negligently failed to take such action. Consequently, they were injured when the plaintiffs in the Gould case obtained title to the land when they enforced their judgment against Knotts Landing. Plaintiffs also allege that after the verdict was returned in the Gould case, defendant Hansen advised them they could still protect their interest in the 28 acres by transferring title to themselves from Knotts Landing. They allege they were consequently injured when the plaintiffs in the Gould case later sued them for fraud. Count I of plaintiffs' amended complaint alleges professional negligence for damages arising out of the two transactions set forth above. Count V alleges breach of contract of employment for legal services. Counts II, III and IV allege breach of fiduciary duty, negligent entrustment and negligent supervision, respectively, concerning Hurt, Richardson's recommendation of Hansen to plaintiffs.

Defendants filed a motion for partial summary judgment raising several arguments that were made moot by the filing of plaintiffs' amended complaint.[1] Defendants also argued plaintiffs' breach of contract claim is barred by the four year statute of limitation for actions on contracts. We note, however, that the alleged failure to transfer title to the 28 acres occurred in April of 1987 and the advice to transfer assets from the corporation to plaintiffs allegedly occurred after the verdict was rendered in the Gould case in December of 1988. The complaint, which was filed in November of 1990, was thus timely as to this claim. Defendants further argued that "[t]o the extent the Com-

---

[1] Defendants argued that plaintiffs' claims for damage to reputation were barred by the applicable statute of limitation and that plaintiffs have no standing to bring a claim for diminution of stock value, but plaintiffs' amended complaint deleted these claims.

plaint . . . also asserts claims by Rogers and Guilfoil for damages resulting from Hurt, Richardson's representation of Knotts Landing in the *Gould* lawsuit, Rogers and Guilfoil lack standing to assert such claims. . . ." Finally defendants argued that plaintiffs have no standing to bring the claims for breach of fiduciary duty, negligent entrustment and negligent supervision and, in any event, they are barred because they are identical to claims made in the counterclaim to the Cherokee case.

Although defendants only moved for partial summary judgment and, for purposes of the motion, defendants conceded the complaint stated certain claims against defendants arising out of an alleged (though denied) duty to the plaintiffs as individuals, the trial court granted summary judgment to defendants on all claims. The trial court found the complaint in the Fulton case arose out of the same transactions and occurrences as the counterclaim filed by Knotts Landing in the Cherokee case. As such, the trial court concluded that the complaint is an improper attempt to prosecute the same claims twice in two different forums. The trial court further found that plaintiffs have no standing to bring the complaint because the right to bring the action is exclusively that of the corporation. The trial court found that defendants had pierced the allegations of the complaint and plaintiffs failed to meet their burden of coming forward with evidence to create a genuine issue of fact. Specifically, the trial court found plaintiffs failed to show any damage arising from the manner in which the Gould case was handled by defendants and failed to show they had suffered damage from defendant Hansen's advice to transfer assets from the corporation or any other negligence of the defendants. Plaintiffs appeal.

1. Plaintiffs first argue the trial court erred in finding plaintiffs lack standing to bring the complaint. They argue the defendants presented no evidence to pierce their allegation that an attorney-client relationship existed not only between defendants and Knotts Landing but also between defendants and the plaintiffs, in their individual capacities. The pertinent evidence of record consists of a copy of the counterclaim filed by Knotts Landing in the Cherokee case and the deposition of plaintiff Bob Rogers. It is obvious from Rogers' testimony that he believed the corporation, Knotts Landing, was the alter ego of himself and Guilfoil. Repeatedly, he confused the acts or rights of the corporation as his own. For example, he testified that he, in his individual capacity, paid half of defendants' legal fees because he owned half of the corporation. Thus, despite his "uncontradicted" testimony that he paid defendants' legal fees or that certain of defendants' services were performed for him, Rogers' own testimony establishes that these services were actually performed for and paid by Knotts Landing. To this extent, only Knotts Landing has standing to

pursue claims for malpractice or breach of contract.

Specifically, Rogers' testimony establishes that if defendants owed a duty to obtain a release of 28 acres from the mortgagee, such duty was owed to Knotts Landing because it was in the name of Knotts Landing that the mortgagee was paid. Only after title was transferred to Knotts Landing would plaintiffs have been entitled to obtain a deed showing the land was conveyed to them from Knotts Landing in consideration for their contribution to capital. This, however, would have been a separate transaction from the obtaining of a release in favor of Knotts Landing from the mortgagee. Although Rogers testified he orally instructed Hurt, Richardson to file a quit-claim deed from Knotts Landing conveying the land to plaintiffs, he admitted all attorney fees were paid by the corporation (even though he believed that such an arrangement meant he, as half-owner, paid half the fees). Employment of the defendant attorney is the first element which must be proved in a malpractice claim. See *Guillebeau v. Jenkins*, 182 Ga. App. 225 (1) (355 SE2d 453) (1987). This evidence supports the conclusion that plaintiffs, individually, did not employ Hurt, Richardson and thus only the corporation had an express attorney-client relationship with defendant. To protect their individual interests, plaintiffs had a duty to hire an attorney in their individual capacities. Rogers' deposition testimony indicates this was not done. Even though, as more fully discussed below, an attorney may owe a duty of reasonable care to one for whom he voluntarily agrees to act, we do not believe Rogers' testimony shows plaintiffs had any right to rely on defendants to act to protect their individual interests in this transaction. In both their individual capacities and their capacities as officers of Knotts Landing, plaintiffs must have been aware that no title had been conveyed from Knotts Landing to them. Thus, they cannot claim to have relied on Hurt, Richardson to have recorded such title. Even if Hurt, Richardson breached a duty to Knotts Landing by failing to obtain a release from the mortgagee, we conclude plaintiffs have no right to damages for failure to obtain title in their own names.

2. Plaintiffs' claim for damages sustained as a result of defendants' advice to transfer assets from the corporation to plaintiffs should be analyzed differently, however. Even where no express attorney-client relationship exists, an attorney may be liable for negligence under the theory of voluntary agent when the attorney gratuitously undertakes to perform a legal service (or, in this case, give legal advice) to another with the other's approval. *Simmerson v. Blanks*, 149 Ga. App. 478 (254 SE2d 716) (1979). Even if only the corporation was defendants' client, it is reasonable and foreseeable that the advice to transfer assets from the corporation to plaintiffs, the individual owners of the corporation, would be relied upon by the plaintiffs, not only

in their capacity as stockholders and officers in the corporation but also as individuals. The Georgia Supreme Court has held that liability for professional acts extends not only to the actual client but also to third parties who rely upon the professional's advice in situations where the professional " 'was *manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly.*' " *Badische Corp. v. Caylor*, 257 Ga. 131, 133 (356 SE2d 198) (1987) (involving a claim for reliance upon the report of an accountant) (quoting *Robert & Co. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 681 (300 SE2d 503) (1983) (involving a claim for reliance upon the report of an engineer)). If the transaction occurred as plaintiffs allege, then defendants were "manifestly aware of the use to which the information was to be put." Id. It can hardly be said that plaintiffs were not foreseeable persons for whom the information was intended. Thus, plaintiffs have standing to bring the claim for damages allegedly sustained as a result of defendants' negligent advice to transfer assets from the corporation to plaintiffs.

The trial court, however, also held that plaintiffs failed to show they had been damaged as a result of the alleged negligent advice. According to the trial court, merely showing that they were sued for fraud when the suit did not result in a judgment against them does not constitute damages at law. The record shows that the plaintiffs in the Gould case dismissed their fraud suit against plaintiffs only after plaintiffs agreed to deed to them the 28 acres of land in dispute. Simply because the fraud action did not result in a judgment against plaintiffs does not mean they were not damaged as a result of the suit. If plaintiffs can show, as they allege, that they were sued as a result of following defendants' legal advice, then the cost of defending the fraud suit would certainly be an element of their damages, whether or not the suit proceeded to trial and judgment. See *First Nat. Bank &c. v. Diane, Inc.*, 698 P2d 5, 12 (N.M. App. 1985). Because defendants' motion for summary judgment did not pierce the plaintiffs' allegations concerning this claim, plaintiffs had no duty to present evidence of damages in response to the motion. Thus, the trial court erred in granting defendants summary judgment on this claim.

3. The trial court also erred in ruling defendants were entitled to summary judgment because plaintiffs "failed to show any judgment [was] obtained against Knotts Landing as a result of the negligence of [defendants] or that their negligence has directly or proximately caused damage to Plaintiffs and Plaintiffs have failed to establish any damages." This ruling illustrates that the trial court treated the action as if it were an action on behalf of Knotts Landing for alleged

negligent handling of the defense of the Gould case, which is the subject of the counterclaim by Knotts Landing in the Cherokee case. However, a careful reading of the complaint in this action shows it contains no claim on behalf of Knotts Landing for the alleged negligent defense of the Gould case. The detailed factual allegations of the complaint which refer to the Gould case merely provide the background information needed to understand the two transactions which form the basis for the claims brought by the plaintiffs in this action: defendants' alleged failure to obtain a release of the 28 acres plaintiffs claim they purchased from Knotts Landing and defendants' allegedly negligent advice to transfer the land from the corporation to the plaintiffs. In this respect, the holding of the trial court must be reversed because the holding could wrongly be used to establish issue estoppel in the Cherokee case pending between Hurt, Richardson and Knotts Landing.[2]

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1992 —
RECONSIDERATION DENIED MARCH 18, 1992 — 

. *Jones, Brown, Brennan & Eastwood, Taylor W. Jones, Rickman P. Brown, Linda R. Greer,* for appellants.

*Hicks, Maloof & Campbell, Robert E. Hicks, Peter J. Quist, Virginia B. Peterson, Lawrence H. Wexler,* for appellees.

---

[2] In fact, defendants admit in their brief that they have filed such a motion in the Cherokee case, relying upon the judgment at issue in this appeal.