A93A2363. WILLIAMS et al. v. FORTSON, BENTLEY & GRIFFIN et al.
(441 SE2d 686)

BEASLEY, Presiding Judge.

Ralph and Launa Williams purchased a house from Rex and Eddye Gibson and sued them for breach of contract, fraud, and negligence. They included as defendants a pest control company, the attorney who conducted the closing (Dillard), and the law firm with which the attorney is associated as an employee (Fortson, Bentley & Griffin). Their appeal is from the grant of Dillard's and Fortson's motion for summary judgment.

Plaintiffs had no communication with Dillard prior to closing. During closing they signed both a disclaimer of representation and a release and covenant not to sue. The disclaimer stated that legal services performed by the law firm were on behalf of the lender and not the borrower, and the borrower was encouraged to retain counsel to see that the borrower's legal interests and rights were protected. Plaintiffs agreed on the release that it would be a defense to any action or proceeding against the lender or law firm. The Gibsons paid closing costs, including attorney fees, pursuant to the sales contract.

The complaint alleges that Dillard made representations to plaintiffs during closing that she was their attorney and would take care of them; that during closing she said the termite report was unaccept-

able because it stated that an additional inspection of the residence was required; that after closing the sellers provided a revised but still incomplete report in that it did not have a required diagram of previous pest infestations; that Dillard breached a duty she had assumed to plaintiffs by accepting this termite report and disbursing sales proceeds prior to communicating with plaintiffs regarding the revised report; that as a result of Dillard's conduct, which constitutes legal malpractice, plaintiffs were damaged by purchasing a home with substantial termite damage; and that Dillard owed a duty of reasonable care to plaintiffs as parties who relied upon information she provided in pursuit of her business and profession.

In plaintiffs' affidavits and depositions, they admitted that they signed the disclaimer and release at closing and were capable of reading and understanding them. However, they testified that they did not sign the disclaimer until at least halfway through closing, that Dillard told them it was not necessary for them to read everything presented for signature, that she rushed them through closing, and that she never told them she represented the lender. The sellers and Dillard testified that Dillard stated during closing that she represented only the lender.

The court held that, because of the representation disclaimer signed by plaintiffs, (1) no attorney-client relationship existed between plaintiffs and these defendants, and (2) plaintiffs cannot recover as foreseeable third parties who relied upon information provided by counsel.

1. Plaintiffs contend that summary judgment was improper on the issue of legal malpractice.

(a) Without citing authority, plaintiffs argue that verbal representations by Dillard throughout closing that were directly contrary to the disclaimer, possibly not signed by plaintiffs until much if not all of closing had transpired, raise questions as to its validity. They argue that since the representation disclaimer makes reference to "the transaction you are about to enter," it should have been executed prior to closing.

" 'There are few rules of law more fundamental than that which requires a party to read what he signs and to be bound thereby. (Cits.) . . .' [Cit.]" *Hudson v. Windholz*, 202 Ga. App. 882, 887 (3) (416 SE2d 120) (1992). See also *Thomas v. Eason*, 208 Ga. 822, 827 (2) (69 SE2d 729) (1952); *Van Den Berg v. Northside Realty Assoc.*, 172 Ga. App. 591, 592 (2) (323 SE2d 839) (1984). None of plaintiffs' assertions constitutes any exception to this rule.

(b) " ' "It is generally held that an attorney-client relationship must be demonstrated before a plaintiff may recover in a legal malpractice suit. . . ." (Cits.)' [Cit.]" *Legacy Homes v. Cole*, 205 Ga. App. 34, 35 (421 SE2d 127) (1992). As in *Legacy Homes*, there was no

contact between plaintiffs and counsel prior to closing, and as in *Carmichael v. Barham, Bennett, Miller & Stone*, 187 Ga. App. 494 (370 SE2d 639) (1988), plaintiffs executed a representation disclaimer at closing. No attorney-client relationship has been demonstrated, and thus plaintiffs have no claim against these defendants for legal malpractice.

(c) Plaintiffs argue that once Dillard undertook to ensure that an acceptable termite report was delivered, her actions created a duty of care to them as third parties if not clients.

"Before an action for malpractice or negligence can lie against an attorney, there must be a legal duty from the attorney to the plaintiff. Like many states, the trend in Georgia has been to relax the rule of strict contractual privity in malpractice actions, recognizing that under certain circumstances, professionals owe a duty of reasonable care to parties who are not their clients." *Driebe v. Cox*, 203 Ga. App. 8, 9 (1) (416 SE2d 314) (1992). *Driebe* held that the seller of real estate who brought his own attorney to closing but chose to rely upon the buyer's attorney in drafting a warranty deed had no reason to rely on such attorney and therefore had no claim against him for negligence.

In *Simmerson v. Blanks*, 149 Ga. App. 478 (254 SE2d 716) (1979), relied on by plaintiffs, the court held that when in a real estate sale the buyer's attorney promised the seller to file certain papers, he thereby became the seller's voluntary or gratuitous agent with the duty to exercise slight diligence. This duty was conditioned upon the fact that the attorney should have realized that the gratuitous promise would cause the seller reasonably to rely upon him to perform it and to refrain from having it done by other available means.

Under certain circumstances a professional who supplies information has a duty of reasonable care and competence to foreseeable third parties who rely upon the information. *Badische Corp. v. Caylor*, 257 Ga. 131 (356 SE2d 198) (1987); *Roberts &c. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983). The reliance must be justifiable, and this additional duty may be limited by appropriate disclaimers which would alert those not in privity with the supplier of the information that they rely upon it only at their peril.

The representation disclaimer precluded an actionable reliance on any promise by Dillard with respect to the termite report. This case resembles *Driebe* rather than *Simmerson*.

2. Plaintiffs contend that the court erred in granting defendants' motion for summary judgment on the issue of breach of fiduciary duty.

The only fiduciary relationship which arguably existed between

plaintiffs and these defendants is that of attorney and client. See *Pardue v. Bankers First Fed. Savings &c. Assn.*, 175 Ga. App. 814 (334 SE2d 926) (1985) (holding that there is no fiduciary duty between a lender and borrower). As held in Division 1, no such relationship existed. Summary judgment was proper on this claim.

3. Since the court correctly granted summary judgment to the defendants on the question of duty, negligence is not an issue. *First Fed. Savings Bank of Brunswick v. Fretthold*, 195 Ga. App. 482, 485 (394 SE2d 128) (1990).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 28, 1994.

*William R. Sotter*, for appellants.

*Smith, Gambrell & Russell, Matthew S. Coles, David A. Handley, Garcia & Singh, Tony D. Coy, Webb, Carlock, Copeland, Semler & Stair, Fred M. Valz III*, for appellees.