**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 16, 2026**

# In the Court of Appeals of Georgia

A25A1894. ICH 3 ATLANTA SUGARLOAF APARTMENTS, L. P. v. HART GAUGLER AND ASSOCIATES, INC.

A25A1895. ICH 3 ATLANTA SUGARLOAF APARTMENTS, L. P. v. WAKEFIELD BEASLEY & ASSOCIATES, INC. et al.

BARNES, Presiding Judge.

These companion appeals arise from the construction of a mixed use apartment complex purchased by ICH 3 Atlanta Sugarloaf Apartments, L. P. ("ICH"). In Case No. A25A1894, ICH appeals the grant of summary judgment to Hart Gaugler and Associates ("Hart Gaugler") in its professional negligence claim against that structural engineering firm,. In Case No. A25A1895, ICH appeals the trial court's grant of summary judgment to Wakefield Beasley & Associates ("WBA") in ICH's defective design and construction claim against that architectural firm. For the reasons that follow, we reverse the judgment in both cases.

"On appeal from a trial court's grant or denial of summary judgment, our review of the record is de novo, and we construe the facts and all inferences drawn from them in the light most favorable to the nonmoving party." *Centurion Indus. v. Naville-Saeger*, 352 Ga. App. 342, 343 (834 SE2d 875) (2019) (citation and punctuation omitted).

So viewed, the record demonstrates that in 2017, Sugarloaf Walk Apartments, L. P., a non-party, hired WBA to provide architectural services related to the construction of Sugarloaf Walk Mixed Use Project ("the Project"), a five building apartment complex. WBA subcontracted Hart Gaugler to perform structural engineering services in connection with the project. The Project was completed in 2019, and in 2020, ICH purchased the finished Project from Sugarloaf Walk Apartments. In August of 2021, there were reports of moisture intrusion at various locations on the property. A subsequent "Exterior Condition Survey" identified various issues with all five buildings, including water intrusion and moisture damage, structural defects, and other issues. ICH filed the complaint against WBA, Hart Gaugler, and multiple other parties involved in construction of the property. ICH alleged that WBA and Hart Gaugler were negligent in "preparing designs, plans and

specifications for the construction" of the Project, and had a duty, as licensed design professionals, to, among other things, perform work in accordance with industry standards, and had breached that duty. ICH further alleged that the negligent design work was responsible for safety issues and extensive property damage to the Project's buildings, including shrinkage of wood framing, deformities in the window sills and flashing, and reverse sloping with water being directed to the exterior walls. ICH also alleged that the defects and deficiencies in the plans and design documents of WBA and Hart Gaugler "caused damage at various locations where contractors had installed their work in compliance with the plans and design documents." Other allegations included that Hart Gaugler and WBA's negligently prepared design plans and documents were not clear and were subject to foreseeable misinterpretation. ICH also alleged that WBA negligently performed construction phase services during the construction.

Regarding damages, ICH claimed that,

actual damages include, but are not limited to, (1) the costs of identifying the cause of the property damage in the Sugarloaf Project and designing proper remediation; (ii) the costs of removing and re-placing non-damaged property as needed to expose and repair damaged materials and the defective conditions causing such damage; (iii) the costs of repairing

damaged property; (iv) the costs associated with financing remedial work; (v) the loss of use of portions of the Sugarloaf Project; (vi) the loss of revenue resulting from the pervasive defects; (vii) the cost of reputational harm and any diminution in the value of the Sugarloaf Project resulting from the pervasive and serious defects and damage; and (viii) attorney fees and litigation expenses incurred in bringing these claims, all caused by acts of the Defendants.

ICH's experts averred to numerous instances of professional negligence alleged to have caused damage to the Property. Among the extensive findings listed in his report, the engineering expert averred that WBA's plans were "unclear, inconsistent, incomplete and ambiguous to such an extent that they failed to guard against the foreseeable possibility that a contractor could misinterpret or fail to follow [WBA's] intent." The expert also averred that

> [c]ritical portions of [WBA's] plans and specifications for the roof, exterior walls, balconies, elevated walkways, below grade waterproofing, framing, and other portions of the exterior building envelope of the buildings in [the Project] were not clear and definitive, and were instead incomplete, inconsistent, ambiguous and or subject to foreseeable misinterpretation.

The expert noted that "multiple contractors performed careless work without seeking clarifications from [WBA]," and opined "to a reasonable degree of certainty" that

"[WBA] delivered drawings that, when followed, resulted in a Project that violates the building code because the plans fail to provide an adequate exterior wall envelope design."

ICH's architecture expert averred that he "noted the same instances of defective plans, that, when constructed lead to defective construction." He further averred that for the same reasons identified in the engineer's affidavit, "the architect's contract administration services failed to meet the standard of care by ignoring, failing to reject, and ultimately approving significant defective construction in place." He opined that "the deviations from the standard of care amount to professional negligence by [WBA]."

The trial court granted Hart Gaugler and WBA's subsequent motions for summary judgment, and these appeals ensued.

*Case No. A25A1894.*

1. In its motion for summary judgment, Hart Gaugler asserted, among other things, that ICH's claims "are tort claims (negligence), and the alleged duties arise only out of the Hart Gaugler agreement with WBA. The undisputed facts demonstrate that [ICH] is not in privity of contract with Hart Gaugler. Therefore, [ICH's] claims

are barred by OCGA § 51-1-11 (a).[1] Hart Gaugler owes [ICH] no duty with regard to the Sugarloaf Walk Project[.]" In opposing summary judgment ICH argued, among other things, that there remained material issues of fact that wood shrinkage was responsible for damage to the property, and that Hart Gauger did not adequately accommodate for the shrinkage in its engineering plans.

Following a hearing on the motion, the trial court granted summary judgment to Hart Gaugler. The trial court found that,

> [ICH] seeks to recover the costs to repair and remediate the Sugarloaf Walk Apartment Project, which costs are economic losses as a matter of law. [ICH's] professional negligence claim is not subject to any recognized exception under Georgia law. Since [ICH] seeks to hold Hart Gaugler liable for violation of duties that arise from the contract between

---

[1]    Except as otherwise provided in this Code section, no privity is necessary to support a tort action; but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract and except as provided in Code Section 11-2-318.

OCGA § 51-1-11 (a).

Hart Gaugler and WBA, and has no privity with that contract and there is no exception, [ICH's] negligence claim is barred by OCGA § 51-1-11 (a).

ICH contends that the trial court erred in finding that its claimed damages were economic losses and that lack of privity barred the claims under OCGA § 51-1-11 (a). ICH further contends that its claims fall within certain exceptions to the privity requirement, including the property-damage exception and the independent professional duty exception to the economic loss rule. Thus, ICH asserts, contrary to the trial court's order, privity has generally not been required to support negligence claims against construction professionals involving damage to property. The professional duties at issue arise independently of any contract, ICH contends, and our laws recognize such breach as an exception to the privity requirement in construction cases involving property. Relatedly, ICH argues that because the professional duties at issue are independent of a contract, the trial court's application of the economic loss rule was inapplicable.

Here, the trial court simply found that per ICH's purported "admissions in judicio," ICH is not in privity with the contract between Hart Gaugler and WBA to perform structural engineering. It concluded that ICH's losses were economic losses

as a matter of law, and that "[s]ince [ICH] seeks to hold Hart Gaugler liable for violation of duties that arise from the contract between [Hart Gaugler] and WBA, and has no privity with that contract and there is no exception, [ICH's] negligence claim is barred by OCGA § 51-1-11 (a)."

> While privity of contract is generally not necessary to support an action in tort, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract. Thus, where privity of contract between the parties does not exist, to constitute a tort, the duty must arise independent of the contract.

*Dominic v. Eurocar Classics*, 310 Ga. App. 825, 830 (2) (714 SE2d 388) (2011) (citations and punctuation omitted). The general rule applied by the Georgia courts is that one cannot be held liable for professional negligence to a party not in privity with the professional. *Howard v. Dun & Bradstreet*, 136 Ga. App. 221 (220 SE2d 702) (1975). However, Georgia "recogniz[es] that under certain circumstances, professionals owe a duty of reasonable care to parties who are not their clients." *Driebe v. Cox*, 203 Ga. App. 8, 9 (1) (416 SE2d 314) (1992). Those circumstances have

included, but are not limited to personal injuries sustained on the subject property, negligent misrepresentation, or damages to property other than the subject project. OCGA § 51-1-11 (a) explicitly provides for an exception to the general rule in "cases where the party would have a right of action for the injury done independently of the contract"– which, in this case, ICH argues, is the performance of its professional duties.

> Where, as here, the moving party

> will not bear the burden of proof at trial[, it] need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Cowart v. Widener*, 287 Ga. 622, 623-624 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

Here, ICH presented evidence that Hart Gaugler's professional duties arise independently of any contract and the claims were an exception to the privity requirement in construction cases involving property. The issue, thus, was not as the

9

trial court concluded – the acknowledged lack of privity between ICH and Hart Gaugler – but whether Hart Gaugler was liable for professional negligence.

Thus, as there remained a genuine issue as to this material fact, the trial court erred in granting summary judgment to Hart Gaugler.

*Case No. A25A1895.*

2. In the order granting summary judgment to WBA, the trial court's findings of fact included, relevantly, that while WBA's motion for summary judgment was pending, ICH filed its 8th amended complaint in which it alleged that WBA "negligently performed construction phase services;" ICH's pleading in paragraph 14 of the 8th amended complaint constituted "a judicial admission that 'work was not performed in accordance with the plans and design documents and/or … was improperly performed by contractors in violation of the building code and industry standards'"; and, "ICH has not withdrawn the allegations that the construction was not in accordance with the plans and documents."

The court also included as factual findings the following reliance and release provisions from ICH's purchase and sale agreement:

(a) As a material part of the consideration for this Agreement, Purchaser agrees to accept the Property on an "As is" and "Where is" basis, with

10

all faults and any and all latent and patent defects, and without any representations or warranty, all of which Seller hereby disclaims, except for Seller's Warranties. Except for Seller's warranty, no warranty or representation is made ... by Seller as to (a) fitness for any particular purpose, (b) merchantability, (c) design, (d) quality, (e) condition, (f) operation or income, (g) compliance with drawings or or specifications , (h) absence of defects, (i) absence of hazardous or toxic substances, (j) absence of faults, (k) flooding, or (l) compliance with laws and regulations iincluding, without limitation, those relating to health, safety, and the environment. Purchaser acknowledges that Purchaser has entered into this Agreement with the intention of making and relying upon its own investigation of the physical, environmental, economic use, compliance, and legal condition of the Property and that Purchaser is not now relying, and will not later rely, upon any disclosures, representations, or warranties (whether express or implied) made by Seller or anyone acting or claiming to act, by, through or under or on Seller's behalf concerning the Property, except for Seller's warranties.

and,

(b) Consistent with the foregoing, and subject solely to the Seller's Warranties, effective as of the Closing Date, Purchaser, for itself and its agents, affiliates, successors, and assigns, hereby releases and forever discharges, waives, and exonerates Seller, Seller's Affiliates, and the agents, affiliates, members, partners, officers, subsidiaries, successors and assigns of each of them (collectively the "Released Parties") from any and all liabilities, obligations, rights, claims, causes of actions, and

demands at law or in equity, whether known or unknown at the time of this Agreement, which Purchaser has or may have in the future, arising out of the physical, environmental, economic or legal condition of the Property, including without limitation, all claims in tort or contract... . Purchaser, upon Closing, shall be deemed to have waived, exonerated, relinquished and released Seller and all other Released Parties from and against any and all matters affecting the Property... [.]

The trial court's subsequent conclusions of law included, relevantly, that factual assertions in pleadings and pretrial orders are admissions in judicio, and may be considered for summary judgment; the admission is binding upon the party and the party is estopped from denying the admission or introducing evidence to controvert the admission; one cannot be held liable for professional negligence to a party not in privity with the professional; personal injury is an exception to this privity requirement; economic losses are not excepted, and ICH's losses are economic; negligent representation is an exception to the economic loss rule, but the exception is not applicable to ICH's negligence claim; in the negligent design claim, failure to plead that the construction was completed in accordance with the plans and specifications is dispositive; the inquiry into the repair of the building envelope was dispositive; and that the construction administration claim fails in light of the reliance

language in the purchase and sale agreement that ICH signed in release of the Seller and its agents, and that WBA was an agent of the Seller.

3. ICH contends that the trial court erred in finding that WBA was shielded form design defect liability based on ICH's purported pleading that the work was not completed according to the plans. It asserts that the pleading was misconstrued, and that the trial court ignored the pleadings and evidence demonstrating that portions of the damage occurred where the work was done in accordance with WBA's plans and ignored Georgia law that the contractor and design professional are both liable where a contractor negligently fails to perform the work in conformity with plans due to its lack of clarity and definiteness.

Withdrawal or amendment prevents the original admissions from serving as solemn admissions in judicio. See *Richmond County v. Sibert*, 218 Ga. 209, 212 (1) (a) (126 SE2d 761) (1962). However, "[w]here the pleading has been stricken, the admission contained therein remains to be utilized as evidence of fact which the admitting party can explain but may be unable to conclusively refute." *Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601, 602–603 (385 SE2d 677) (1989). Thus, ICH having made the admission in its original pleadings, "could not establish as a matter

of law that the admission was untrue, but only could raise an issue of fact for a jury to determine." Id. at 603. It is uncontroverted that ICH subsequently filed an amended 8th complaint alleging damage to the property in various places although the work was *done in conformity with WBA's design plans and documents*. Thus, ICH was not prohibited from raising an issue of fact about whether the design plans were properly followed in the construction. See *Versico, Inc. v. Engineered Fabrics Corp.*, 238 Ga. App. 837, 839 (1) (520 SE2d 505) (1999) (noting that admissions may be considered conclusive for purposes of summary judgment and, *until withdrawn or amended*, estop the party from denying them or introducing any evidence to controvert them).

4. ICH also contends that the trial court erred in finding that failure to follow plans cuts off any negligent design claim. In its order granting summary judgment and referencing ICH's pleading, the trial court concluded that even with evidence of negligent design, the failure to plead that the construction was done in accordance with the plans and specifications is dispositive. "When a case is based upon negligence of an architect or engineer in preparing plans, it is essential that the plaintiff prove that construction of the project designed was accomplished in compliance with the plans and specifications furnished by the defendant, at least with respect to that portion of

the work claimed to be defective." *Covil v. Robert & Co. Associates*, 112 Ga. App. 163, 168 (2) (144 SE2d 450) (1965). However, in a case alleging negligence of an engineer or architect in preparing plans, the plaintiff bears the burden of demonstrating compliance with those plans only "with respect to that portion of the work claimed to be defective."Id. at 168 (2). Thus, the trial court erred in concluding that failure to plead that the construction was done in accordance with the plans and specifications is dispositive. Moreover, when as here, the evidence creates a fact question as to this issue, summary judgment is precluded.

3. ICH also asserts as error the trial court's grant of summary judgment to WBA on the issue of privity of contract between ICH and WBA. The trial court's conclusion that the lack of privity between ICH and WBA precluded ICH's claims and its subsequent grant of summary judgment to WBA was error. While Georgia courts generally hold that one cannot be held liable for professional negligence to a party not in privity with the professional, *Howard,* 136 Ga. App. at 221, "under certain circumstances, professionals owe a duty of reasonable care to parties who are not their clients." *Driebe*, 203 Ga. App. at 9 (1). To that end, despite a lack of privity, the claims are not necessarily precluded because they "arise not from a breach of contract claim

but from a breach of a duty implied by law to perform the work in accordance with industry standards." *Jai Ganesh Lodging, Inc. v. David M. Smith, Inc.*, 328 Ga. App. 713, 719 (760 SE2d 718) (2014). ICH's experts averred to numerous instances of professional negligence alleged to have caused damage to the Property, thus presenting a material issue of fact as to whether WBA breached a duty implied by law to perform the work in accordance with industry standards.

Accordingly, the trial court erred in granting summary judgment to WBA upon concluding that the lack of privity was dispositive.

5. Likewise, because material issues of facts remain regarding whether WBA was an "agent" for purposes of the application of the release clause in the purchase and sale agreement between ICH and the original owner the trial court also erred in granting summary judgment upon that basis.[2]

*Judgments reversed. Brown, C. J., concurs. Watkins, J., concurs in judgment only*.

---

[2] We have reviewed the trial court's additional alternative grounds for granting summary judgment and find that there are material issues of facts precluding such judgment.