A96A2224. WRIGHT et al. v. SWINT et al.
(480 SE2d 878)

BIRDSONG, Presiding Judge.

This litigation arises from a faulty title search performed by attorney A. Ronald Cook in 1985. Cook issued a certificate of title on July 24, 1985. This lawsuit was filed in November 1994 against attorney Cook and others, including Roger Herman Swint, and United Bank Corporation and its agent Joe Bostwick, who participated in the real estate closing for appellants' purchase of the subject property. By order of July 29, 1995, the trial court dismissed all defendants except Swint (who was later voluntarily dismissed by appellants, thereby allowing a direct appeal of the dismissal of the other defendants) on the ground that this suit was not filed within the four-year statute of limitation. The Wrights appeal the dismissal of Cook and of the bank and its employee Bostwick.

Construing the evidence in favor of the Wrights on defendants' motions to dismiss (*Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 874 (463 SE2d 713)), the record shows the Wrights learned of the defective title at an aborted closing of a refinancing on November 3, 1993. Then and thereafter, attorney Cook and the other defendants made "assurances" to plaintiffs Wright that the defect

---

was being cured. Defendants contend, and the trial court found, that Cook was never the Wrights' attorney and that he and the bank's officer (Bostwick) and the grantor (Swint) had no fiduciary relation with the Wrights on which the Wrights could rely to excuse their failure to discover and file suit for the defective title within four years of the performance of the 1985 title search. However, the Wrights contend Cook was their attorney and that he and the other defendants assured the Wrights on and after November 3, 1993 that they would repair the defective chain of title. The Wrights contend Cook last acted as their attorney by effecting "the reissuance of a new deed from Roger Herman Swint to plaintiffs dated January 3, 1994," and that Cook again failed to clear title to the property, failed to advise them on January 3, 1994 that title was still under cloud, and failed to advise them to obtain title insurance.

The trial court found that this is an action in legal malpractice and that the real estate closing which forms the subject of the Wrights' complaint against defendants took place in 1985, so that the statute of limitation as to all defendants expired in 1989. *Long v. Wallace*, 214 Ga. App. 466 (448 SE2d 229). *Held*:

1. Defendant Cook attempts to show and the trial court found on his motion to dismiss that he never acted as the Wrights' attorney. This issue is in factual dispute. When the sufficiency of a complaint is questioned by a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible, and the defendant is not entitled to have the complaint dismissed unless *the allegations of the complaint* disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. *Hartsfield*, supra.

If the jury finds that Cook acted as the attorney for the Wrights on or after November 29, 1990 (four years before this complaint was filed), and attempted to fix or repair the defective chain of title on or after November 29, 1990, but did so negligently or negligently failed to do so, then the four-year statute of limitation does not bar an action for legal malpractice against him for acts he committed on or after November 29, 1990. *Long*, supra.

The trial court's findings that there never existed a fiduciary relation between the Wrights and defendant Cook is a determination of fact which the trial court could not make on defendants' motion to dismiss, inasmuch as the evidence is in dispute. If Cook served as the Wrights' attorney within four years prior to the filing of this suit, there is no doubt he stood in a fiduciary capacity to them. *Jordan v. Stephens*, 221 Ga. App. 8, 9 (470 SE2d 733). The standard of determining a motion to dismiss is not based on a determination of the truth of any issue of fact; rather, the trial court must construe all

allegations and all evidence most favorably to the respondent (*Kelly v. Lewis*, 221 Ga. App. 506, 508 (471 SE2d 583); *Hartsfield,* supra), and thereupon must determine whether, *under any state of facts,* the plaintiffs have stated a claim on which relief can be granted. See OCGA § 9-11-12; *Wehunt v. ITT Business &c. Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d 383).

2. Assuming Cook acted as the Wrights' attorney, an action against him for legal malpractice based on negligence must have been pursued within four years of the commission of the act. OCGA § 9-3-25; *Morris v. Atlanta Legal Aid Society,* 222 Ga. App. 62, 65 (3) (473 SE2d 501). Any action for legal malpractice against Cook for performance of a defective title search in 1985 is therefore barred. The fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude and must have the effect of debarring or deterring the plaintiff from his action. *Riddle v. Driebe,* 153 Ga. App. 276, 280 (265 SE2d 92), cited in *Hyman v. Jordan,* 201 Ga. App. 852, 854 (412 SE2d 615). No claim of fraudulent concealment is shown such that would toll the statute of limitation in this case as to a defective title search performed in 1985. We affirm the trial court's dismissal of any claim in this regard.

3. The trial court erred in dismissing Cook and the bank and its agent Bostwick for any wrongful acts they committed on and after November 3, 1993, when (construing the evidence and pleadings in favor of the Wrights on defendants' motions to dismiss) they made assurances to the Wrights that a defective chain of title would be fixed and even reissued a deed purporting to repair the chain of title.

No fiduciary relation existed between the Wrights and the defendant bank and its agent Bostwick merely by virtue of their efforts to make a loan to the Wrights (see *Lothridge v. First Nat. Bank &c.*, 217 Ga. App. 711, 715 (5) (458 SE2d 887)); but if defendants by certain promises assumed duties and obligations to the Wrights to cure the cloud on title but failed to do so, including by reissuing a "deed" from Swint in 1994 which failed to repair the defective title, they may have breached a contractual duty for which action for damages may lie. The statute of limitation for such action being four years (OCGA § 9-3-25), it has not expired for acts committed negligently or in breach within four years prior to November 29, 1994 when this suit was filed.

The entire complaint as drawn under our notice pleading provisions lends itself to interpretation that the Wrights seek recovery for the failure of defendants' duty, and if the jury finds that any such duty existed as to any defendant under the facts to cure the defective title after it was discovered, a cause of action exists therefor, if it occurred within four years prior to the filing of the complaint. OCGA § 9-3-25. A motion to dismiss should not be granted unless it appears

to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. *Finch v. City of Atlanta*, 232 Ga. 415, 416 (207 SE2d 46).

4. A motion to recuse under Uniform Superior Court Rule 25 must assert facts and circumstances which, if true, would be sufficient to show partiality in the case, and requires an affidavit in support thereof. *Butler v. Biven Software*, 222 Ga. App. 88, 90 (1) (473 SE2d 168). It is wholly insufficient to file a motion merely citing local rules of etiquette and containing no affidavit. The trial court did not err in denying the motion to recuse upon the motion presently in the record.

Nothing prevents the filing of a proper motion and affidavit, however, on remittitur of this case.

5. In view of the ruling in this case, we reverse the award of attorney fees under OCGA § 9-15-14 as being unauthorized by that statute.

*Judgment affirmed in part and reversed in part. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 30, 1997.

*William R. L. Latson, William D. Patten, Jr.*, for appellants.

*Swift, Currie, McGhee & Hiers, Robin F. Clark, Schrade & Richardson, Richard D. C. Schrade, Jr., Lindsey & Jacobs, Tamara Jacobs*, for appellees.