**DENVER PARENTS ASSOCIATION, a Colorado association; Luke and Celia Ealy, in their own behalf and on behalf of their minor children, Assabuur Ealy, Ain Ealy, Luke Ealy, Jr., Jamilia Ealy and Mayisha Ealy, et al., (A full caption listing more than 3400 parties is on the original opinion at the office of the Clerk of the Colorado Court of Appeals), Plaintiffs–Appellants,**

v.

**DENVER BOARD OF EDUCATION, a/k/a Denver Public School System, a/k/a Denver Public Schools; Irv Moskowitz (in his official capacity as Superintendent of the Denver Public Schools), Defendants–Appellees.**

No. 98CA1309.

Colorado Court of Appeals, Div. III.

Feb. 3, 2000.

Certiorari Denied Oct. 10, 2000.

Hale Hackstaff Tymkovich Erkenbrack & Shih, L.L.P., Timothy M. Tymkovich, Richard A. Westfall, Denver, Colorado, for Plaintiffs–Appellants.

Semple, Miller & Mooney, P.C., Patrick B. Mooney, Michael H. Jackson, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge NEY.

Plaintiffs appeal from the trial court's judgment of dismissal, for failure to state a claim, of their cause of action asserting breach of contract and seeking equitable and specific performance remedies, based· on their contention that the quality of education in the Denver Public School system is substandard. We affirm.

Plaintiffs are more than 3400 individually named residents of Denver who have children that are enrolled or are eligible for enrollment in the Denver Public School District. The plaintiffs filed this suit "by and through" the Denver Parents Association. Defendants are the Denver Board of Education a/k/a Denver Public School System a/k/a Denver Public Schools, and Irv Moskowitz in his official capacity as Superintendent of the Denver Public Schools.

In their Second Amended Class Action Complaint, plaintiffs alleged the school district had contractual, statutory, and constitutional obligations to provide its students with a quality education, and that it failed to fulfill those obligations.

Their claims for relief were based on breach of contract, promissory estoppel, specific performance, statutory violations, unlawful discrimination, denial of property rights, equal protection, and due process. Specifically, plaintiffs contended that the school district breached its obligations in the following ways: it failed to provide course books; it failed to control students in classrooms and provide adequate discipline; it used credit waivers improperly to improve the graduation rate; it implemented a policy to transfer poorly performing teachers; allowed an "abysmal pattern of poor performance" by its schools; and it changed (or "dumbed-down") standards for measuring school performance.

Claimed damages consisted of: irreparable intellectual and emotional harm; diminution of higher education and career options; discriminatory and unfair "double costs" for Denver parents who send their children to private schools or schools outside the school district; and a "disproportionate burden" on parents to supplement their children's education.

Plaintiffs' demands for declaratory, injunctive, and specific performance relief were to require the school district to: improve academic standards ("abide by its curriculum obligations"); increase students' knowledge and basic skills; maintain focus on standardized tests to measure school performance; issue a report card to parents on school performance; stop transferring poorly qualified teachers; allocate poor and middle income families' tax dollars to those schools that their children attend; provide transportation for children who wish to attend public schools other than their neighborhood school; and expand charter and alternative schools.

The school district's motion to dismiss asserted that plaintiffs' constitutional and statutory claims did not present justiciable claims. The school district also averred that plaintiffs failed to state a viable negligence or contract claim under Colorado law, and even if they had a claim based on breach of contract, plaintiffs had failed to plead factual allegations to support such a claim. Finally, the school district maintained that the claims were barred by governmental immunity.

In response, plaintiffs asserted that they pled claims for which relief can be granted as a matter of law, and that such claims are not barred by governmental immunity. They conceded, however, that "[t]his case is unprecedented in Colorado and the nation's history. No case of its kind has ever been filed in any Colorado court or other court in this country."

The trial court granted the school district's motion to dismiss. It concluded that plaintiffs' "concern and frustration with the quality of the Denver Public Schools, while understandable, is not properly a matter for resolution through the court system."

With regard to the contract claim, which is the only claim at issue on appeal, the trial court ruled that Colorado has only recognized a breach of contract claim in the educational context under limited circumstances. The court found as a matter of law that no contractual relationship exists between a public school district and, its students, and their parents. There is no contractual relationship because there was neither a bargain nor consideration, which distinguished this case from *CenCor, Inc. v. Tolman*, 868 P.2d 396 (Colo.1994). The court dismissed the plaintiffs' claims with prejudice. This appeal followed.

## I.

Plaintiffs maintain the trial court erred in dismissing their breach of contract claim because they adequately alleged facts that would entitle them to relief. Because we discern no contract claim under Colorado law, we disagree.

In determining whether to grant a motion to dismiss, the court must accept the material allegations in the complaint as true and, if the motion is based on a failure to state a claim, a court may not consider matters outside the complaint. C.R.C.P. 12(b)(5); *Middlemist v. BDO Seidman, LLP*, 958 P.2d 486 (Colo.App.1997).

A reviewing court will uphold a C.R.C.P. 12(b)(5) dismissal only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095 (Colo.1995). A complaint may be dismissed, however, if the substantive law does not support the claims alleged. *Nelson v. Nelson*, 31 Colo.App. 63, 497 P.2d 1284 (1972).

The plaintiffs rely on *CenCor v. Tolman*, *supra*, in which the supreme court addressed a breach of contract claim brought by medical and dental assistant students, asserting that they had failed to receive certain educational services from a private vocational school. In *CenCor*, the court found that "[c]ontract claims that in fact attack the general quality of educational experiences provided to students have generally been reject-

ed" because such claims are actually tort issues in that they "raise questions concerning the reasonableness of conduct by educational institutions in providing particular educational services." *CenCor, Inc. v. Tolman, supra,* 868 P.2d at 399. Furthermore, the court concluded that such "educational malpractice" tort claims cannot be brought under Colorado law.

However, in *CenCor,* the court also held that allegations against educational institutions for the failure to provide "specifically promised educational services, such as a failure to offer any classes or a failure to deliver a promised number of hours of instruction ... have been upheld on the basis of the law of contracts." *CenCor, Inc. v. Tolman, supra,* 868 P.2d at 399.

In *CenCor,* the court concluded that "[t]o the extent these obligations constitute educational services for which the [private students] allegedly paid and which [the vocational school] allegedly failed to provide," the students could maintain a breach of contract claim. *CenCor, Inc. v. Tolman, supra,* 868 P.2d at 400.

Here, plaintiffs are not private students enrolled in a private vocational school but, instead, consist of the general public. They have not individually bargained with the school district, nor individually paid for specific educational services. As a result, they cannot assert legal claims for the alleged failure to provide those unbargained-for services.

Plaintiffs' allegations that the curriculum and other school district documents provided for specific educational services, such as certain classes, course books, and other materials, do not—in a public school context—constitute a legally enforceable promise.

Plaintiffs cannot hold a public school district to the implementation of its educational objectives in a judicial setting. This matter is of a political nature, inasmuch as the school district is a political entity and, therefore, such policy issues should be addressed at the ballot box, not presented as a judicially enforceable contract claim. *See Bennett Bear Creek Farm Water & Sanitation District v. City & County of Denver,* 928 P.2d

1254, 1268 (Colo.1996)(judicial review "must respect the separation of powers and avoid intruding on the policy-making function of the legislative body" regarding a quasi-legislative body's utility rate determination).

As the plaintiffs themselves concede, no court in this country has recognized this type of legislative policy decision in a contract claim. *Rubio v. Carlsbad Municipal School District,* 106 N.M. 446, 744 P.2d 919 (1987). Therefore, they have not and could not cite to any authority allowing a court to recognize such a claim or such facts as a breach of contract.

■ We therefore conclude that the plaintiffs' contract claim was properly dismissed by the trial court because Colorado law does not support a contract-based claim for a *public* school district's alleged breach of educational objectives. *See Hawkins v. Cline,* 161 Colo. 141, 420 P.2d 400 (1966)(ruling that matters of legislative policy, in the form of constitutional and statutory provisions giving school districts the duty and power to close schools, cannot be altered by contract).

## II.

Plaintiffs also argue the trial court erred in dismissing their breach of contract claim on the basis of insufficient consideration. Relying upon C.R.C.P. 8(c), they assert it is the defendant's burden to plead affirmative defenses, such as lack of consideration in a contract claim. We conclude the trial court did not dismiss plaintiffs' contract claim on the basis of insufficient consideration and, therefore, disagree with plaintiffs' contention.

■ We agree that failure of consideration, as well as mutuality, must be pled as an affirmative defense, and that an affirmative defense cannot constitute grounds for dismissal for failure to state a claim under Rule C.R.C.P. 12(b)(5). *See Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982 (1957).

However, we conclude, based on our review of the trial court's order, that the court ultimately dismissed the plaintiffs' contract claim on the basis that the underlying issue – the contention that the quality of education provided by the school district is inadequate—is not a matter to be properly re-

solved by the courts. The lack of consideration and lack of mutuality were relevant only to the trial court's analysis in distinguishing *CenCor v. Tolman, supra,* which permitted a contract claim to proceed with respect to private school students who paid and bargained for the services offered by the private vocational school.

Judgment affirmed.

Judge JONES and Judge TAUBMAN concur.