## A01A1244. WRIGHT et al. v. COOK.
(556 SE2d 146)

Sмітн, Presiding Judge.

This is the second appearance of this case in this court. See *Wright v. Swint*, 224 Ga. App. 417 (480 SE2d 878) (1997). Charles and Rhonda Wright brought suit against A. Ronald Cook, an attorney, and others, alleging that Cook performed a faulty title search on property the Wrights purchased in 1985, then assured them in 1993 that the defect would be cured, but did nothing to accomplish this. In this appeal, the Wrights appeal from the trial court's order granting summary judgment to Cook. We find that summary judgment was not warranted, because regardless of whether Cook did or did not represent the Wrights at closing, a genuine issue of material fact remains in dispute with regard to whether he voluntarily undertook to correct the defect in title when it was discovered and then did not do so. We therefore reverse the grant of summary judgment to Cook.

The defect in the Wrights' title was not discovered until 1993, when they attempted to refinance the mortgage on their property. The Wrights alleged that when they informed Cook of the defects, he made assurances to them that he would remedy the problem, which was never done. *Swint*, supra at 417-418. They contend that this inaction constituted a breach of fiduciary duty and fraud. In *Swint*, we reversed the trial court's grant of Cook's motion to dismiss. The motion to dismiss was granted on the ground that the Wrights' claim against Cook sounded in legal malpractice, which was barred for two reasons: First, the action was barred by the statute of limitation; and second, Cook never acted as the Wrights' attorney.

On appeal, this court held that the issue of representation was "in factual dispute," and it should not have been resolved by the trial court on a motion to dismiss. *Swint*, supra at 418 (1). We further held that if Cook represented the Wrights, an action for legal malpractice against him for performing the defective title search in 1985 was barred by the four-year statute of limitation. Id. at 419 (2). But if a jury found that Cook acted as the Wrights' attorney "on or after November 29, 1990, but did so negligently or negligently failed to do so, then the four-year statute of limitation does not bar an action for legal malpractice against him for acts he committed on or after November 29, 1990. [Cit.]" Id. at 418 (1). Moreover, if Cook represented the Wrights on or after November 29, 1990, he would also have "stood in a fiduciary capacity to them. [Cit.]" Id. If he represented to the Wrights that he would cure the defective chain of title and reissue a new deed curing the defect, such promises created new duties and obligations. Failure to make good these promises also "may have breached a contractual duty for which action for damages may lie. The statute of limitation for such action being four years (OCGA § 9-

3-25)," it did not expire for acts committed within four years prior to November 29, 1994, when the action was filed. Id. at 419 (3).

The case then returned to the trial court, where the Wrights renewed a motion for recusal, which had previously been denied. The ground for the motion was that Cook was both a practicing attorney and one of the county's judges. He served as a juvenile court judge and city court judge, and he had acted pro hac vice in the State Court of Spalding County, in which this action was filed. The motion was granted this time, and a senior superior court judge was appointed to hear the case. Cook then filed a motion for summary judgment, along with a notice of his request for filing several depositions. The Wrights filed a cross-motion for summary judgment, and after hearing, the trial court granted Cook's motion and denied that of the Wrights.

Although the record on this appeal includes additional evidence, nothing in that evidence persuades us to change our conclusion that the issue of whether Cook represented the Wrights, either before or after November 29, 1990, is in factual dispute.[1] While generally the relation of attorney and client is a matter of contract, the contract may be express or implied from the conduct of the parties. *In the Matter of Dowdy*, 247 Ga. 488, 491 (277 SE2d 36) (1981). And here, unlike the situation in *Williams v. Fortson, Bentley & Griffin*, 212 Ga. App. 222 (441 SE2d 686) (1994), relied upon by Cook, no disclaimer of representation was presented to the Wrights by Cook at closing. But even if Cook represented the Wrights at the closing, any claims against him stemming from that closing are barred both by the statute of limitation and by the law of the case, since that issue was decided in *Swint*, supra.

As to what transpired after the closing, the evidence is in conflict. Cook testified that after the closing, neither the bank nor the Wrights contacted him about the title. Mr. Wright testified on his deposition that he last had contact with Cook at the closing in issue. He testified, however, that his wife "probably" had contact with Cook when they discovered the defect in the title in 1993, because she "handled all of it." Mr. Wright testified that after speaking with Cook, his wife told him Cook said "it would be taken care of." Mrs. Wright testified, in direct conflict with Cook's testimony, that she spoke with him a number of times after the closing: "somewhere in the vicinity of four or five times probably in '93" and "[t]wo, maybe three times" in 1994. All these conversations had to do with the cloud on the Wrights' title. In these conversations, he "assured [her] that he would take care of the matter." On one occasion, she went to Cook's

---

[1] On his deposition, Cook testified that he certified the title to the bank, and not the Wrights, and that he did not then or ever represent the Wrights. Mrs. Wright testified that Cook represented her "through the bank." The bank officer was unsure.

office to find out "what was going on on the closing concerning the cloud that was on the title." She spoke with Cook for ten to fifteen minutes, and he told her he was going to the courthouse to check on the title and he would get back to her. She last had contact with Cook in 1994, and nothing had been done.

A jury could believe that Cook undertook to correct the defect in title on the Wrights' behalf, and the Wrights relied on this promise to their detriment. If so, he created a duty to the Wrights. *Simmerson v. Blanks*, 149 Ga. App. 478 (254 SE2d 716) (1979). In performing that duty, even if he acted gratuitously he was obligated to exercise a reasonable degree of care and skill as an attorney. Id. at 480-481. The question of whether he made this promise must be decided by a jury, because the deposition testimony of Mrs. Wright and that of Cook are in direct conflict. "Where the facts, as testified to by the parties, create a conflict in the evidence as to a material issue, summary judgment is precluded. [Cit.]" *Bearden v. Bearden*, 231 Ga. App. 182, 184 (499 SE2d 359) (1998). The trial court's grant of summary judgment to Cook was therefore error.

*Judgment reversed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 17, 2001 —
RECONSIDERATION DENIED DECEMBER 4, 2001 — ■

*William R. L. Latson*, for appellants.
*Gray, Hedrick & Edenfield, L. Bruce Hedrick*, for appellee.

