**Jack STEELE and Danette Steele, Plaintiffs–Appellants,**

v.

**Katherine ALLEN and Katherine Allen, P.C., Defendants–Appellees.**

**No. 07CA2163.**

Colorado Court of Appeals, Div. V.

Feb. 19, 2009.

Paul Gordon, L.L.C., Paul Gordon, Denver, Colorado, for Plaintiffs–Appellants.

Kennedy Childs & Fogg, P.C., John R. Mann, Daniel R. McCune, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge DAILEY.

Plaintiffs, Jack Steele and Danette Steele, appeal the trial court's judgment in favor of defendants, Katherine Allen and her law firm, Katherine Allen, P.C. The sole issue on appeal is whether plaintiffs stated a claim for relief against defendants for negligent misrepresentation based on alleged erroneous legal advice provided by defendants. We conclude that plaintiffs have stated a claim for negligent misrepresentation, reverse that part of the trial court's judgment dismissing that claim, and remand with directions to reinstate that claim.

### I. Factual Background

In May 2002, Jack Steele was involved in an automobile accident. Plaintiffs sought legal advice from defendants regarding their legal options against the other driver. Plaintiffs alleged defendants misinformed them that the applicable statute of limitations was five years, rather than three years, and that they could not commence a lawsuit until they had settled any workers' compensation claim. Plaintiffs also alleged that their claims against the other driver were subsequently barred by the applicable three-year statute of limitations.

Plaintiffs then brought this action against defendants asserting claims for professional negligence and negligent misrepresentation. They did not allege, however, that an attorney-client relationship existed between them and defendants.

Defendants moved to dismiss the complaint pursuant to C.R.C.P. 12(b)(5) for failure to state a claim for relief because it did

not allege sufficient grounds upon which they owed plaintiffs a duty. Plaintiffs, relying on the supreme court's opinion in *Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver*, 892 P.2d 230 (Colo.1995) (*Mehaffy*), argued that the lack of an attorney-client relationship did not prevent defendants from being liable on a claim for negligent misrepresentation for giving false information about the applicable statute of limitations. They also stated that the existence of attorney-client relationship between them and defendants was a question of fact beyond the scope of defendants' motion to dismiss.

The trial court granted defendants' motion, concluding that plaintiffs had failed to state a claim for professional negligence because they had not alleged an attorney-client relationship. The court also determined that, in the absence of such a relationship, an attorney is generally not liable to a non-client, unless the attorney has engaged in fraud or malicious conduct. Hence, the court dismissed the professional negligence claim.

As to plaintiffs' negligent misrepresentation claim, the court concluded that such claims have been allowed only in a very limited set of special circumstances when an opinion that is designed to induce a third party's participation in a business transaction is prepared for the third party by an attorney at the direction of and for the benefit of the attorney's client. Because that situation did not exist in this case, the court determined that plaintiffs' negligent misrepresentation claim should also be dismissed.

Plaintiffs appeal only the trial court's ruling on the negligent misrepresentation claim.

## II. Legal Framework

### A. Motion to Dismiss

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle the plaintiff to relief. *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo.1999). A complaint may also be dismissed if the substantive law does not support the claims asserted. *Denver Par-*

*ents Ass'n v. Denver Bd. of Educ.*, 10 P.3d 662, 664 (Colo.App.2000).

■ When reviewing a district court's dismissal of a complaint for failure to state a claim for relief, we apply the same standards as the district court. *Coors*, 978 P.2d at 665. Hence, we review the district court's dismissal for failure to state a claim for relief de novo. *Sweeney v. United Artists Theater Circuit, Inc.*, 119 P.3d 538, 539 (Colo.App. 2005).

### B. Negligent Misrepresentation

#### 1. General Principles

■ Colorado recognizes the tort of negligent misrepresentation as set forth in section 552 of the Restatement (Second) of Torts (1977). *See Keller v. A.O. Smith Harvestore Prods., Inc.*, 819 P.2d 69, 72 (Colo.1991); *First Nat'l Bank v. Collins*, 44 Colo.App. 228, 230, 616 P.2d 154, 155 (1980). Section 552 provides that one who, in the course of a business, profession, or employment, or in any transaction in which the person has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if the person fails to exercise reasonable care or competence in obtaining or communicating the information.

#### 2. Application to Attorneys

In 1993, a division of this court held that attorneys could incur liability for negligent misrepresentation. *See Cent. Bank Denver v. Mehaffy, Rider, Windholz & Wilson*, 865 P.2d 862 (Colo.App.1993) (*Cent.Bank*). Specifically, the division held that a non-client may assert a claim for negligent misrepresentation against an attorney who issues a legal opinion, which contains misstatements of material fact or omits material facts, if the opinion is issued on behalf of the attorney's client for the purpose of inducing the non-client to rely on the opinion in conjunction with the purchase of the client's municipal notes or bonds. *Cent. Bank*, 865 P.2d at 865.

Upon certiorari review, the supreme court affirmed. *See Mehaffy*, 892 P.2d 230. The court noted that an attorney is generally not liable to a non-client absent a finding of fraud or malicious conduct by the attorney and that an attorney's liability to non-clients has been limited for various reasons, including the potential liability of an attorney to an unforeseeable and unlimited number of third parties, as well as the adversarial nature of litigation. *Id.* at 235. However, the court noted that in Colorado a claim based on negligent misrepresentation is independent of any principle of contract law and that privity is not required. *Id.* at 235–36.

Applying the standard set forth in section 552 of the Restatement (Second) of Torts, the supreme court noted that to establish a claim for negligent misrepresentation, the plaintiff must show that the defendant supplied false information to others in a business transaction and failed to exercise reasonable care or competence in obtaining or communicating information on which other parties justifiably relied. *Mehaffy*, 892 P.2d at 236. The court also noted that professionals other than attorneys are subject to liability to third persons for negligent misrepresentation in Colorado and that other jurisdictions have held attorneys liable for negligent misrepresentation to non-clients in the context of issuing opinion letters. *Id.* Consequently, the court held that the attorney, by issuing legal opinion letters for the purpose of inducing the non-client bank to purchase the client's notes and bonds, could be liable to the bank for negligent misrepresentation. *Id.*

Although *Mehaffy* involved only the issuance of opinion letters at the direction of the attorney's client for use by non-clients, the supreme court did not specifically limit the tort of negligent misrepresentation in the attorney-client context to that circumstance.

In addition, other courts have held attorneys liable to non-clients in situations other than those involving opinion letters. *See e.g., Wright v. Cook*, 252 Ga.App. 759, 556 S.E.2d 146, 148 (2001) (genuine issue existed as to whether attorney voluntarily undertook to correct defect in title, and whether purchasers relied on this promise to their detriment); *LaBracio Family P'ship v. 1239 Roosevelt*

*Ave., Inc.*, 340 N.J.Super. 155, 773 A.2d 1209, 1213–14 (App.Div.2001) (purchasers' second attorney assumed duty to vendors to record mortgage and was liable for damages for failing to do so); *Town Line Plaza Assocs. v. Contemporary Props., Ltd.*, 223 A.D.2d 420, 636 N.Y.S.2d 57, 58 (App.Div.1996) (memorandum decision) (one general partner in limited partnership could bring legal malpractice action against attorney retained by other general partner who filed bankruptcy petition, which accelerated personal liability of non-client general partner).

The Restatement (Third) of the Law Governing Lawyers section 15 (2000) sets forth suggested standards for the duty of care a lawyer owes to a prospective client. As pertinent here, it provides: "When a person discusses with a lawyer the possibility of their forming a client-lawyer relationship for a matter and no such relationship ensues, the lawyer must ... use reasonable care to the extent the lawyer provides the person legal services." Restatement (Third) of the Law Governing Lawyers § 15(1)(c); *see also One Nat'l Bank v. Antonellis*, 80 F.3d 606, 609 (1st Cir.1996) (applying Massachusetts law) (stating that an attorney owes a duty to non-clients "who the attorney knows will rely on the services rendered," but that no duty will exist if it would potentially conflict with the duty the attorney owes to his or her client).

In addition, comment e to the Restatement (Third) of the Law Governing Lawyers section 15 states:

When a prospective client and a lawyer discuss the possibility of representation, the lawyer might comment on such matters as whether the person has a promising claim or defense, whether the lawyer is appropriate for the matter in question, whether conflicts of interest exist and if so how they might be dealt with, *the time within which action must be taken* and, if the representation does not proceed, what other lawyer might represent the prospective client. *Prospective clients might rely on such advice, and lawyers therefore must use reasonable care in rendering it.*

(Emphasis added.) *Cf.* Colo. RPC 1.18 (imposing upon lawyers obligations of confidentiality and avoidance of conflicts of interest

with respect to prospective clients) (effective Jan. 1, 2008).

We conclude that the standards set forth in section 15 of the Restatement (Third) of the Law Governing Lawyers are not precluded by, or contrary to, the opinion in *Mehaffy* and may be applicable here.

We note that the specter of potential liability to an unlimited number of third parties, which concerned the court in *Mehaffy*, is alleviated by the requirement in a claim for negligent misrepresentation that the plaintiff show that the defendant supplied false information in the context of a business transaction regarding the representation of a potential client. However, informal statements by an attorney in a social setting would generally not result in a viable claim against the attorney:

> The fact that the information is given in the course of the defendant's business, profession or employment is a sufficient indication that he has a pecuniary interest in it, even though he receives no consideration for it at the time.... But when one who is engaged in a business or profession steps entirely outside of it, as when an attorney gives a casual and offhand opinion on a point of law to a friend whom he meets on the street, or what is commonly called a "curbstone opinion," it is not to be regarded as given in the course of his business or profession; and since he has no other interest in it, it is considered purely gratuitous. The recipient of the information is not justified in expecting that his informant will exercise the care and skill that is necessary to insure a correct opinion and is only justified in expecting that the opinion will be an honest one.

Restatement (Second) of Torts § 552 cmt. d.

■ Thus, whether statements are made during an initial consultation for legal services or in a casual manner in a social setting may ultimately be determinative of whether a lawyer is liable for negligent misrepresentation.

■ Here, plaintiffs alleged in their complaint that (1) "at all pertinent times, Defendant Allen was acting within the course and scope of her employment with Defendant Katherine Allen, P.C."; (2) "[a] reasonably careful attorney, having and using that degree of knowledge and skill of attorneys practicing law in November 2003," would have told them that the statute of limitations on their negligence and negligence per se claims against the other driver was three years, not five years; and (3) such an attorney would have told them that they could have commenced an action against the other driver before they settled any available workers' compensation claim.

Plaintiffs' complaint failed to set forth the precise circumstances surrounding the alleged statements Allen made to them. Nevertheless, we cannot conclude at this stage of the litigation that plaintiffs will be unable to prove any set of facts that would entitle them to relief for such a claim. *See Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095, 1099 (Colo.1995). Hence, we conclude that the trial court erred in dismissing plaintiffs' negligent misrepresentation claim.

The judgment is reversed and the case is remanded to the trial court with directions to reinstate plaintiffs' negligent misrepresentation claim against defendants.

Judge RICHMAN and Judge CRISWELL * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.